HYMAN *v.* CHALES and others.

HOPKINS and another *v.* CHALES and others.

*(Circuit Court, D. Colorado.* July 22, 1882.)

MARSHAL—SPECIAL DEPUTIES—OFFICER DE FACTO.

 Where, under the laws of the state, a sheriff may appoint a person to perform **a** special service, a marshal, under section 788 of the Revised Statutes, has the same authority, and the person so appointed by him is an officer *de facto,* and a person served with process by such appointee cannot dispute his authority on the ground that he had not taken the oath of office, as required by the statute in relation to the appointment of deputies.

On Motion to Quash Marshal's Return.

HALLETT, D. J. In the case of Hyman against Chales and others, and Hopkins and another against Chales and others, defendants move to quash the marshal's return to the summons on the ground that the person who served the summons was specially appointed a deputy to serve it, and that it does not appear that such person had taken the oath of office as required by the statute in relation to the appointment of deputies.

Section 788 of the Revised Statutes provides that marshals and their deputies shall have the same power in executing the laws of the United States as the sheriffs and their deputies in such state may have by law in executing the laws thereof. It appears that under the laws of the state a sheriff may appoint a person to perform a special service, such as serving a particular writ, and no reason is perceived for saying that a marshal under this section may not have the same authority. Upon general principles, however, if the marshal may appoint deputies to perform all services, he may appoint one to perform a particular service; and whether that person has taken the oath of office as prescribed is not a question for the person who may be affected by the duty to be performed. It may be a question which can be raised by the marshal himself as to whether the deputy is properly in his place, but as to the service which he has to perform he is an officer *de facto,* if no more. It does not lie with the person who may be summoned to dispute his authority, for that reason.